*United States v. Mario Herrera*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 25th day of January, two thousand nineteen.

Present:   ROBERT A. KATZMANN,
                      *Chief Judge*,
              PETER W. HALL
              GERARD E. LYNCH,
                      *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

                 v.                                                         No. 17-3442

MARIO HERRERA,

                      *Defendant-Appellant,*

JOHN MIRANDA, JOEL CASADO, AKA COJO, CESAR DOMINGUEZ, JOEL QUEZADA, AKA J-BUFF, JONATHAN MORALES, AKA BLOOD, OLIVEROS VILLAREAL, THOMAS ABREU, JONATHAN GOLDEN, JOHNNY, CYNTHIA URRA, DEBRA MONCHE, EZEQUIL NIN, AKA SEKI, ANDREW SEIBERT, AKA BLUE, CARLOS ALVAREZ-GONZALEZ, AKA POPS, KEITH WOODARDS, ALEXANDER CARNO, KEVIN SKEETE,

                      *Defendants.*

_____

1

For Appellee:                          Jason A. Richman, Gina Castellano, Jordan Estes, Karl
                                       Metzner, Assistant United States Attorneys, *for* Geoffrey S.
                                       Berman, United States Attorney for the Southern District of
                                       New York, New York, NY.

For Defendant-Appellant:               John A. Kuchera, Waco, TX.


Appeal from a judgment of conviction of the United States District Court for the
Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant Mario Herrera appeals from a judgment of the United States District Court for
the Southern District of New York (Preska, *J.*) following a guilty plea. Herrera challenges the
district court's imposition of the special condition of supervised release that he "shall participate
in an outpatient substance abuse program approved by the United States Probation Office, which
program may include testing to determine whether the defendant has reverted to using drugs or
alcohol." App. 34. We assume the parties' familiarity with the underlying facts and the
procedural history of the case.

We review the imposition of a special condition of supervised release for abuse of
discretion. *United States v. Peterson*, 248 F.3d 79, 82 (2d Cir. 2001) (per curiam).[1] But because
Herrera did not object to the special condition, which was contained in his Presentence Report,
our review is for plain error. *United States v. Simmons*, 343 F.3d 72, 80 (2d Cir. 2003); *see also*
Fed. R. Crim. P. 52(b).

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks,
alterations, footnotes, and citations.

The power to impose special conditions of supervised release is vested exclusively in the district court. 18 U.S.C. § 3583; U.S.S.G. § 5D1.3(b)-(e). A district court may delegate to a probation officer decision-making authority over certain minor details of supervised release. *Peterson*, 248 F.3d at 85. However, "a district court may not delegate to the Probation Department decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015). "In other words, the extensive supervision mission of federal probation officers includes executing the sentence, but not imposing it." *Id.*

The district court did not impermissibly delegate its judicial authority to the Probation Office. The district court did not require Herrera to participate in an outpatient substance abuse program "as directed by the U.S. Probation Office." *Peterson*, 248 F.3d at 85. Rather, the condition clearly mandates that Herrera "*shall* participate in an outpatient substance abuse program . . . ." App. 34 (emphasis added).[2] The Probation Office was given the discretion to "approve[]" the specific program. *Id.* Thus, the district court "intend[ed] that the [treatment] be mandatory but le[ft] . . . the selection of a . . . provider . . . to the probation officer." *Peterson*, 248 F.3d at 85.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Nor did the district court impermissibly delegate to the Probation Office the authority to administer drug testing as a component of Herrera's treatment program, as a district court "may authorize the Probation office to approve and oversee the details of [outpatient] treatment." *United States v. Young*, 910 F.3d 665, 675 (2d Cir. 2018).