18-1955-cr
United States v. Karon Corbett

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand nineteen.

Present:        AMALYA L. KEARSE,
                ROSEMARY S. POOLER,
                RICHARD C. WESLEY,
                        *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                        *Appellee*,

                v.                                                      18-1955-cr

KARON CORBETT,

                        *Defendant-Appellant*.

_____

For Appellant:          Susan V. Tipograph, Law Office of Susan V. Tipograph (Thomas
                        Eddy, *on the brief*), New York, N.Y.

For Appellee:           Richard P. Donoghue, United States Attorney for the Eastern
                        District of New York (Drew G. Rolle, Jo Ann M. Navickas,
                        Assistant United States Attorneys, *on the brief*), Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **REMANDED** in part for modification and **AFFIRMED** in part.

Defendant-Appellant Karon Corbett appeals from the judgment entered on June 20, 2018, by the United States District Court for the Eastern District of New York (Donnelly, *J.*), convicting him, after a guilty plea, of possessing a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. § 922(g), and sentencing him principally to 100 months' imprisonment and three years' supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Corbett argues that the district court erred in imposing a mental health treatment condition and a curfew condition as special conditions of his supervised release. Corbett did not object to either condition before the district court. "Generally, we review conditions of supervised release for abuse of discretion. When the defendant does not object to the conditions, however, we review only for plain error." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (citation omitted). This Court applies "a 'relaxed' form of plain error review in those rare cases in which the defendant lacked sufficient prior notice that a particular condition of supervised release might be imposed." *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015).

### I. Mental Health Treatment

With respect to the mental health special condition of supervised release, the district court stated at sentencing that "mental health treatment . . . should be a component of supervised release given the issues that were identified by Dr. Drob. Those would include, in my judgment, anger management and any additional mental health treatment that the defendant should require." App'x at 95. Nevertheless, the court's written judgment states only that Corbett "shall participate in, and successfully complete, an anger management program as approved by the Probation Department." App'x at 103. "Insofar as there is a variance between the written and oral conditions, the District Court's oral pronouncement controls." *United States v. Young*, 910 F.3d 665, 670 (2d Cir. 2018). Accordingly, the district court's requirement that Corbett undergo "anger management and any additional mental health treatment that the defendant should require" controls. *See* App'x at 95. We construe the district court's oral condition to exclude inpatient treatment, because "such 'restrictive' programs must be supported by particularized findings" that the imposition of inpatient treatment would "not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing," *Young*, 910 F.3d at 671-72 (internal quotation marks omitted), and the district court did not make such findings here.

At the outset, Corbett argues that, because the "condition was imposed absent recommendation from the Probation Department and without any other prior notice[,] . . . it would seem to qualify for review under this Court's relaxed standard." Appellant's Br. at 10-11. It does not. Although the Probation Department did not recommend mental health treatment, Corbett's counsel did. *See, e.g.*, App'x at 23 (sentencing submission letter emphasizing that counsel "hope[s] that during his continued incarceration and after he is released, [Corbett] can get . . . psychological . . . care"); App'x at 81-82 (statement during the sentencing hearing

2

reiterating that counsel "hope[s] that when [Corbett] gets out that he, under supervised release, he gets [mental health] care and treatment"). Corbett cannot claim he did not have prior notice of a condition that his counsel requested both in his sentencing submission letter and at the sentencing hearing. Accordingly, we review the district court's imposition of the mental health treatment condition for plain error.

Corbett next argues that the district court erred by delegating to the Probation Department the decision of whether any additional mental health treatment would be necessary. "[A] district court may delegate to a probation officer decisionmaking authority over certain minor details of supervised release—for example, the selection of a therapy provider or treatment schedule"; however, "a district court may not delegate to the Probation Department decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *Matta*, 777 F.3d at 122. "In other words, the extensive supervision mission of federal probation officers includes executing the sentence, but not imposing it." *Id.* (alteration, citation, and internal quotation marks omitted). Remand for clarification of a condition is appropriate where the condition is "ambiguous and, depending on its meaning, excessively broad." *United States v. Peterson*, 248 F.3d 79, 86 (2d Cir. 2001).

Here, we interpret the oral mental health condition as directing the Probation Department to ensure that Corbett receives mental health treatment to address only those issues identified by Dr. Drob in his January 26, 2018 psychological evaluation. Accordingly, we determine that the condition does not impermissibly delegate to the Probation Department the authority to decide *whether* Corbett will participate in treatment. Given the disparity between the oral and written conditions, however, we remand for modification of the written judgment to include the district court's oral statement as to the need for treatment of the issues identified by Dr. Drob.

## II. Curfew

With respect to the curfew condition, the district court explained at the hearing: "[Corbett] will comply with whatever curfew probation directs and the specific terms are laid out in the probation recommendation, but it includes a curfew via electronic monitoring that will begin on whatever date the Probation Department approves and for whatever period probation requires it." App'x at 95. The written judgment states: "For a period of 6 months, the defendant shall comply with a curfew via electronic monitoring as directed by the U.S. Probation Department. The defendant will remain at his place of residence from 7 p.m. to 7 a.m. The Probation Department may designate another twelve-hour respective time period, if the defendant's employment, education, or observance of religious services preclude the above specified terms." App'x at 103. Corbett does not argue that he lacked notice of the curfew condition, and we review its imposition for plain error.

Corbett argues that the district court committed procedural error because it failed to explain its reasons for imposing a curfew as a special condition. For a sentence to be procedurally reasonable, a district court must "make an individualized assessment when determining whether to impose a special condition of supervised release, and . . . state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). "Any

3

explanation provided by the District Court must be adequately supported by the record." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019).

We have held as a general matter that a district court "may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing, involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *United States v. Myers*, 426 F.3d 117, 123-24 (2d Cir. 2005) (alteration and internal quotation marks omitted). The statutory factors governing sentencing include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as: "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote the respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," *id*. § 3553(a)(2).

There is no plain error here. Corbett argues that the imposition of the curfew condition was procedurally unreasonable because the district court failed to explain specifically why it imposed a curfew and because there is an absence of evidence of "nighttime criminal activity." Appellant's Br. at 19. Nevertheless, the district court stated, albeit broadly, its reasons, which were adequately supported by the record. *See, e.g.*, Appellant's Br. at 19 (conceding that the underlying crime occurred at 6 p.m. on a February evening); App'x at 81-82 (defense counsel requesting that supervised release afford Corbett "treatment that could allow him to live a productive and law-abiding life"); App'x at 91 (Corbett requesting an "opportunity to show that I could be a good citizen to society"); App'x at 94 (district court emphasizing that Corbett's criminal history consistently involved a firearm). The district court did not plainly err in imposing Corbett's six-month curfew.

We have considered the remainder of Corbett's arguments and find them to be without merit. Accordingly, we hereby REMAND for modification of the written judgment as to the mental health treatment condition of supervised release, and otherwise AFFIRM the sentence.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4