19-751-cr
*United States v. Deavon Hooker*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of March, two thousand twenty.

PRESENT:    REENA RAGGI,
            DENNY CHIN,
            RICHARD J. SULLIVAN,
                        *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                        *Appellee,*

            -v-                                 19-751-cr

DEAVON HOOKER,
                        *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                   ANDREY SPEKTOR, Assistant United States
                                Attorney (Susan Corkery, Margaret Gandy,
                                Assistant United States Attorneys, *on the brief*),
                                *for* Richard P. Donoghue, United States

Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT: EUNICE C. LEE, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Amon, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** as **MODIFIED** below.

Defendant-appellant Deavon Hooker appeals from a judgment entered March 12, 2019, convicting him, after a guilty plea, of possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g). The district court sentenced Hooker principally to 72 months' imprisonment and three years' supervised release. We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal.

On appeal, Hooker argues that the district court erred in imposing a curfew condition and an association condition as special conditions of his supervised release. Hooker did not object to either condition before the district court. "Generally, we review conditions of supervised release for abuse of discretion. When the defendant does not object to the conditions, however, we review only for plain error." *United*

*States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (citation omitted).  This Court applies "a 'relaxed' form of plain error review in those rare cases in which the defendant lacked sufficient prior notice that a particular condition of supervised release might be imposed."  *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015).

## *DISCUSSION*

## I.    *Curfew Condition*

We have held as a general matter that a district court "may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing, involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements."  *United States v. Myers*, 426 F.3d 117, 123-24 (2d Cir. 2005) (alteration and internal quotation marks omitted).  The statutory factors governing sentencing include "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1), as well as "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; [and] to protect the public from further crimes of the defendant" *id*. § 3553(a)(2).

Hooker argues that the district court committed procedural error in imposing a curfew special condition.  For a sentence to be procedurally reasonable, a district court must "make an individualized assessment when determining whether to

3

impose a special condition of supervised release, and . . . state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). "Any explanation provided by the District Court must be adequately supported by the record." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). "In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *Betts*, 886 F.3d at 202 (internal quotation marks omitted).

Hooker argues that the imposition of the curfew condition was procedurally unreasonable because the district court failed to explain specifically why it imposed a curfew and because there is an absence of evidence of "a pattern of nighttime criminal behavior." Appellant's Br. at 22. After reviewing the record, we conclude that the district court adequately stated its reasons for the curfew condition, and that the reasons were supported by the record. *See, e.g.*, Appellant's Br. at 3 (acknowledging that the underlying crime occurred at 1:17 a.m.); App'x at 128 (district court noting that Hooker was "found early in the morning as a convicted felon in possession of a very dangerous loaded weapon"). Moreover, the curfew condition is sufficiently connected to the goals of § 3553(a), including the need for adequate deterrence and the need to protect the public. *See* App'x at 128-29 (district court, with reference to the goal of adequate deterrence, emphasizing that Hooker's criminal history included two robberies); App'x at 129 (district court, with reference to public safety, expressing concern over Hooker's prior affiliation with the Crips gang). Even if the district court

4

might have more fully explained its reasoning for imposing the curfew condition, the reasons are "self-evident" from the record. *Betts*, 886 F.3d at 202. Indeed, in submitting a re-entry plan to the district court that would "support . . . a law abiding lifestyle" by helping him obtain employment and abstain from substance use, Hooker proposed that he "abid[e] by curfew hours." Dist. Ct. Dkt., 15-cr-532, No. 56-1. Accordingly, the district court did not err, and certainly did not plainly err, in imposing a curfew special condition.

## II.    *Association Condition*

With respect to the association condition, the district court explained at sentencing that Hooker should "not knowingly associate with any member of the Crips gang while on supervised release." App'x at 130. Hooker's defense counsel did not object. In contrast to the oral pronouncement, however, the written judgment states: "The defendant shall . . . not associate with any gangs." App'x at 134.

The government concedes that the district court's oral pronouncement at sentencing that Hooker "not knowingly associate with any member of the Crips gang," App'x at 130, is "narrower in scope than that delineated in the written judgment." Appellee's Br. at 18. "Insofar as there is a variance between the written and oral conditions, the District Court's oral pronouncement controls." *United States v. Young*, 910 F.3d 665, 670 (2d Cir. 2018); *see also United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004) ("It is well settled, as a general proposition, that in the event of variation between

5

an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls and any burdensome punishments or restrictions added in the written judgment must be removed" (internal citation omitted)).  At oral argument, the government advised that it did not object to modification of the judgment to reflect the district court's oral pronouncement.  Accordingly, we now modify the judgment of the district court to replace the association special condition with the special condition that Hooker "not knowingly associate with any member of the Crips gang while on supervised release."  App'x at 130l; *see United States v. McLeod*, 251 F.3d 78, 84 (2d Cir. 2001) (modifying rather than remanding the judgment where addressing error would not change the aggregate controlling sentence); 28 U.S.C. § 2106 (appellate courts may "modify . . . any judgment . . . of a court lawfully brought before it for review").

\* \* \*

Accordingly, we **AFFIRM** the judgment of the district court as **MODIFIED** herein.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6