22-3111-cr(L)
*United States v. Schloss*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of October, two thousand twenty-five.

PRESENT:     DENNIS JACOBS,
             DENNY CHIN,
             SARAH A. L. MERRIAM,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

    *Appellee*,

       v.                                                    22-3111-cr(L),
                                                             22-3186-cr(Con.)[1]

COURTNEY SCHLOSS, a/k/a Sealed
Defendant 2; DUVAUGHN WILSON, a/k/a
Sealed Defendant 1,

---

[1] This summary order addresses the appeal of defendant-appellant Courtney Schloss (No. 22-3111). We previously addressed the appeal of defendant-appellant Duvaughn Wilson (No. 22-3186) in a separate order. *See United States v. Schloss (Wilson)*, No. 22-3186, 2025 WL 751372 (2d Cir. Mar. 10, 2025) (summary order).

*Defendants-Appellants,*

JAMES THOMAS; KEN ALEXANDER, a/k/aRyu; ARGAM TAJ, a/k/a Sour; SAMUEL TAJ, a/k/a Sosa; CHRISTOPHER MACHADO, a/k/a Chris Elite; HARLIE RAMOS, a/k/a White Girl; JAMEL THOMAS, a/k/a Mel; ANTONIO EADDY, a/k/a Storm,

      *Defendants.*

_____

FOR DEFENDANT-APPELLANT:     STEVEN Y. YUROWITZ, YurowitzLaw PLLC, New York, NY.

FOR APPELLEE:     MATTHEW J. KING (Ashley C. Nicolas, James Ligtenberg, Assistant United States Attorneys, Of Counsel, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York*,* New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stein, *J.*).

**UPON DUE CONSIDERATION,** the judgment of the District Court entered on November 28, 2022, is **AFFIRMED**.

Defendant-appellant Courtney Schloss appeals from a judgment of the District Court sentencing him principally to 120 months of imprisonment and three years of supervised release after his conviction by guilty plea on one count of interstate travel with the intent to engage in gun trafficking, in violation of 18 U.S.C. § 924(n) and 18 U.S.C.

2

§ 2.  On appeal, Schloss challenges the District Court's imposition of three special conditions of supervised release.[2]

"This Court generally reviews the imposition of supervised release conditions for abuse of discretion." *United States v. Oliveras*, 96 F.4th 298, 304 (2d Cir. 2024).  "When a challenge to a condition of supervised release presents an issue of law, however, we review the imposition of that condition *de novo*." *United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019) (citation modified).  But if a defendant fails to object to the conditions despite having "prior notice that a particular condition of supervised release might be imposed" and "a sufficient opportunity to raise a contemporaneous objection," this Court reviews for plain error.  *United States v. Matta*, 777 F.3d 116, 121-22 (2d Cir. 2015).  Here, Schloss had ample notice that the challenged special conditions might be imposed because they were recommended in the Sentencing Recommendation attached to the August 15, 2022, revised Pre-Sentence Report ("PSR"), which was made available to Schloss and his counsel three months before the sentencing hearing.[3]  Accordingly, we review only for plain error.

Plain error review requires the defendant to demonstrate that: "(1) there is an

---

[2] The waiver of appeal rights in the plea agreement does not bar this appeal because the waiver does not address conditions of supervised release.  *See United States v. Burden*, 860 F.3d 45, 54 (2d Cir. 2017) (per curiam) ("[W]hen an appeal waiver is silent regarding a specific aspect of a sentence, this Court generally finds that the appeal waiver does not foreclose challenges to that aspect of the sentence." (citation modified)).

[3] At the November 15, 2022, sentencing, the District Court expressly confirmed with counsel that she and Schloss "had a full opportunity to read and discuss" all of the sentencing materials, including the PSR "revised on August 15 of this year, along with the addendum and the sentencing recommendation by the Probation Department," and that they had no objections to the PSR.  App'x at 91-92.

error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (citation modified).

Schloss argues that the following special conditions of supervised release imposed by the District Court are procedurally unreasonable because the District Court failed to articulate reasons for their imposition at the sentencing hearing:[4] a condition allowing searches of his property, including electronics, without a warrant ("Condition 1"); a condition mandating mental health treatment including compliance with any medications prescribed ("Condition 3"); and a condition prohibiting association with certain people and places ("Condition 4"). *See* App'x at 121. All three of these conditions implicate cognizable liberty interests; indeed, all three implicate fundamental constitutional rights. *See, e.g.*, *California v. Carney*, 471 U.S. 386, 390 (1985) (observing that freedom from unreasonable searches and seizures is a "fundamental right [which] is preserved by a requirement that searches be conducted pursuant to a warrant") (Condition 1); *Sell v. United States*, 539 U.S. 166, 178-79 (2003) (reaffirming that "an individual has a constitutionally protected liberty interest in avoiding involuntary administration of

---

[4] It is by now well established that a sentencing court is required to "state on the record the reason for imposing" each special condition of supervised release. *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). The District Court failed to do so. The Assistant United States Attorney did not request that the District Court make such a record. And defense counsel failed to object to the conditions, or to request any explanation from the District Court. Providing the explanation required by our precedent would take no more than a few minutes in most cases.

[medication]" (citation modified)) (Condition 3);[5] *United States v. Myers*, 426 F.3d 117, 125 (2d Cir. 2005) (recognizing, in the context of a challenge to a supervised release condition, the "fundamental liberty interest" in certain relationships, such as the parent-child relationship (citation modified)) (Condition 4); *United States v. Reeves*, 591 F.3d 77, 82 (2d Cir. 2010) (observing that the "right to enter into and to maintain intimate personal relationships" is "well-established") (Condition 4). Schloss also argues that Condition 4 is impermissibly vague and overbroad.

The District Court provided no explanation for its imposition of these conditions. That was error. *See United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). "[F]or the imposition of special conditions of supervised release to be procedurally reasonable, a District Court must make an individualized assessment . . . and state on the record the reason for imposing" the conditions.[6] *United States v. Sims*, 92 F.4th 115, 123 (2d Cir. 2024) (citation modified); *see also United States v. Kunz*, 68 F.4th 748, 759-60 (2d Cir. 2023). "[T]he failure to do so is error." *Betts*, 886 F.3d at 202. We have held, however,

---

[5] The Supreme Court has confirmed that "the right to refuse unwanted medical treatment" is a fundamental right. *Washington v. Glucksberg*, 521 U.S. 702, 721 n.17 (1997).

[6] At oral argument before this Court, counsel for the government repeatedly asserted that these special conditions are "common[ly]" imposed. Oral Argument at 22:05-22:45. Counsel even repeatedly referred to the conditions – erroneously – as "standard condition[s]." *Id.* It bears repeating that a sentencing court "must make an individualized assessment when determining whether to impose a special condition of supervised release, and state on the record the reason for imposing it." *United States v. Oliveras*, 96 F.4th 298, 313 (2d Cir. 2024) (citation modified). The routinized imposition of special conditions on all defendants without individualized consideration violates our precedent.

that where the explanation is lacking, we may affirm the District Court's imposition of the conditions if its "reasoning is self-evident in the record," and the conditions are "reasonably related to the sentencing objectives." *Id.* (citations modified). A "District Court's failure to explain its rationale is plain error" when "it is not obvious from the record why such [] condition[s] [were] reasonably necessary." *United States v. Bleau*, 930 F.3d 35, 43 (2d Cir. 2019) (per curiam) (citation modified). If the rationale is obvious from the record, we may affirm notwithstanding the error.

In assessing whether an error in the imposition of a supervised release condition constitutes plain error, we may consider whether a reasonable construction of the condition would mitigate any concern that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Moore*, 975 F.3d at 90 (citation modified); *see also United States v. Young*, 910 F.3d 665, 671 (2d Cir. 2018) (construing supervised release condition that had not been objected to in a manner that rendered it reasonable); *Kunz*, 68 F.4th at 766 (affirming conditions after construing them "in a manner that neutralizes" concerns).

A. **Condition 1 – The Search Condition**

Even assuming that there was an error, and the error is clear, Schloss has not demonstrated that the error in imposing the search condition "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Moore*, 975 F.3d at 90 (citation modified). Condition 1 provides for a broad search authority that extends to Schloss's "computer, other electronic communication, data storage devices, cloud storage [and] media." App'x at 121. We have recently held that a similar condition was

6

adequately supported by the record, even without express articulation of any rationale, and even assuming, in that case, that the defendant had adequately preserved an objection to the condition. *See United States v. Robinson*, 134 F.4th 104, 111-12 (2d Cir. 2025). In *Robinson*, we concluded that the defendant's "extensive history of recidivism and his dishonesty with law enforcement officers" meant that "the need for this special condition [was] self-evident on the record." *Id.* at 111. The record in this case indicates that Schloss relied extensively on electronic communication to coordinate his participation in the charged firearms conspiracy, *see* PSR ¶¶ 29-35, has a significant criminal history, *see* PSR ¶¶108-17, and engaged in a variety of offenses involving dishonesty, *see* PSR ¶¶110, 115-17.[7] We therefore affirm the imposition of Condition 1.

### B.    Condition 3 – Mental Health Treatment

The record is not as strong as to Condition 3, but we nonetheless conclude that the District Court did not commit plain error in imposing this condition. The record reflects that Schloss has a significant mental health history, including being placed in a "residential treatment center" in 2012, when he was about 16 years old, to address depression, anxiety, and an "adolescent conduct disorder." App'x at 69-70. At his plea allocution in 2022, he represented that he was seeing a psychiatrist "[e]very few months." App'x at 69. However, the record does not indicate whether Schloss has previously been medicated for mental health conditions, nor does it reflect that he is unable to determine for himself whether and to what extent prescription medications are necessary. As

---

[7] Schloss also has a "computer specialist certification." PSR ¶146.

written, the condition is arguably overbroad. But we construe the condition to be limited such that the requirement that Schloss take "any prescribed medications" applies only to those medications prescribed in connection with the "outpatient mental health treatment program" described in the same condition.[8] App'x at 121. So construed, the condition is adequately supported by the record, and its imposition is not plain error. We therefore affirm the imposition of Condition 3.

## C.      Condition 4 – Association Restrictions

Finally, we do not find that the District Court plainly erred in imposing Condition 4. This condition states: "You shall not associate . . . or interact in any way, including through social media websites, with any gang members or associates, particularly members and associates of any Blixky gang or frequent neighborhoods (or 'turf') known to be controlled by the Blixky gang." App'x at 121.

This Court has recently held that a similar condition was adequately supported by the record, even without express articulation of any rationale, when the defendant had "admitted during the plea proceeding that he was 'associated' with" a gang and "there was ample evidence that his association with [the gang at issue] was directly related to the crimes of conviction." *United States v. Arguedas*, 134 F.4th 54, 71 (2d Cir. 2025).

---

[8]  We also note that Schloss may seek to modify this condition if, at some future time, he disagrees with the mental health program treatment provider's prescription. *See, e.g., United States v. Roberson*, No. 24-31, 2007 WL 10131753, at *1 n.2 (2d Cir. Feb. 6, 2025) (summary order) ("In any event, the issue will only arise if, after [the defendant's] release from prison many years from now, a doctor prescribes some medication that [the defendant] objects to taking. That eventuality may never occur, and if it does, [the defendant] will have every right to present his objection to the court.").

Here, the record reflects that Schloss was actively involved with the Blixky gang, *see* PSR ¶¶36, 37; that he had a history of disciplinary actions in prison related to gang activity, *see* PSR ¶108; that he was depicted holding firearms in videos with Blixky gang members, *see* PSR ¶36; and that he trafficked dozens of firearms with Blixky gang members, *see* PSR ¶¶15-19.

A condition limiting gang associations is clearly supported by the record, but Special Condition Four, *as written*, is not narrowly tailored. It does not allow for the possibility that Schloss may need to enter an area "controlled by" the gang in order to fulfill constitutionally protected family obligations,[9] or even legal obligations. App'x at 121. The condition does not define the Blixky "turf" or explain how Schloss should keep abreast of any changes in gang control of various areas. It does not make clear who should be considered an "associate" of a gang. Indeed, it does not even define "gang." However, this Court "assum[es] . . . constitutionally required limitations on the breadth of [the term] 'association,' including that the prohibition only limits association with gang members *known to* the probationer, and *excludes 'incidental contacts*.'" *United States v. Green*, 618 F.3d 120, 123 (2d Cir. 2010) (per curiam) (citation modified) (second emphasis added). Likewise, the prohibition on "frequent[ing] neighborhoods (or 'turf') known to be controlled by the Blixky gang" in this condition must be read to preclude Schloss from knowingly and repeatedly "frequent[ing]" areas that he knows to be

---

[9] "[C]onstitutional difficulties could arise if the associational condition were construed to interfere with [a defendant's] relationship with [his or] her family." *United States v. Jacques*, 321 F.3d 255, 266 (2d Cir. 2003).

9

actively controlled by the Blixky gang, and excludes incidental presence in such areas. So construed, the condition survives plain error review. We therefore affirm the imposition of Condition 4.

For the reasons set forth herein, the judgment of the District Court is

**AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court