21-2953
*United States v. Saleh*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-three.

PRESENT:

        RICHARD C. WESLEY,
        RICHARD J. SULLIVAN,
        JOSEPH F. BIANCO,
           *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

        *Appellee*,

        v.                                No. 21-2953

ALI SALEH,

        *Defendant-Appellant*.

_____

**For Defendant-Appellant:**    MICHAEL K. BACHRACH, Law Office of Michael K. Bachrach, New York, NY (Steve Zissou, Steve Zissou & Associates, New York, NY, Anthony L. Ricco, New York, NY, *on the brief*).

**For Appellee:**    DOUGLAS M. PRAVDA (Jo Ann M. Navickas, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (William F. Kuntz, II, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ali Saleh appeals from a judgment of conviction following his guilty plea to assaulting a federal officer, in violation of 18 U.S.C § 111(a)(1), (b), and possession of contraband while in prison, in violation of 18 U.S.C. § 1791(a)(2), (b)(3). The district court sentenced Saleh to a total of 100 months' imprisonment, to run consecutive to his previously imposed sentence of thirty years for providing

2

material support to a terrorist organization, followed by three years' supervised release. On appeal, Saleh contends that his Guidelines sentence was both procedurally and substantively unreasonable.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

As a general matter, we review the imposition of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In doing so, we first determine whether the sentence imposed is procedurally reasonable and then determine whether it is substantively reasonable. *Id*. Within this structure, we review a sentencing court's factual findings for clear error and its interpretation and application of the Sentencing Guidelines de novo. *See United States v. Legros*, 529 F.3d 470, 473–74 (2d Cir. 2008).

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [section-]3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 62 (2d Cir. 2020) (internal

---

[1] Saleh also argues that, if we vacate his convictions in *United States v. Saleh*, No. 21-2955 (2d Cir. argued March 10, 2023), we must remand this case to the district court for resentencing. Because we affirm those convictions in a concurrently filed summary order, this argument is moot. *See United States v. Burden*, 600 F.3d 204, 225–26 (2d Cir. 2010).

quotation marks omitted). Saleh purports to identify several procedural errors, each of which we address in turn.

First, Saleh argues the district court improperly calculated his Guidelines range by applying a five-level enhancement for causing "serious bodily injury," U.S.S.G. § 2A2.2(b)(3)(B), instead of a three-level enhancement for causing merely "bodily injury," U.S.S.G. § 2A2.2(b)(3)(A). More specifically, Saleh contends that the higher enhancement was inappropriate because, after he slashed the officer's wrist, the officer did not "appear to be in great pain or to have been seriously injured." Saleh Br. at 17. But this argument overlooks the officer's extensive medical records, which chart an unbroken history of escalating pain and impairment until the officer was treated with surgery and months of physical therapy. *See* Gov't App'x at 49 (rating his pain as ten, on a scale of one to ten, where ten is the worst); *id.* at 50 (describing an urgent need for surgery); *id.* at 54 (post-surgery, noting that the officer could not grip with his right hand); *see also Concepcion v. United States*, 142 S. Ct. 2389, 2398 (2022) (explaining that sentencing judges have "broad discretion to consider all relevant information at an initial sentencing hearing"); *United States v. Cheng*, 763 F. App'x 85, 88 (2d Cir. 2019) (affirming the district court's application of a sentencing enhancement based, in

part, on the victim's medical records).  Under the Sentencing Guidelines, "serious bodily injury" is defined to include injuries that involve "*extreme physical pain* or the *protracted impairment* of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as *surgery*, hospitalization, or *physical rehabilitation*."  U.S.S.G. § 1B1.1 Application Note 1(M) (emphasis added). In light of the extensive medical records, Saleh's argument that the officer's injuries fell short of the "serious bodily injury" threshold is unavailing.

Saleh alternatively argues that the district court should not have applied the serious-physical-injury enhancement without first holding a hearing pursuant to *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979).  This argument fares no better. We afford district courts broad discretion in deciding what procedures to employ to resolve factual disputes at sentencing.  *See United States v. Prescott*, 920 F.2d 139, 144 (2d Cir. 1990).  And where the defendant was given an opportunity to respond to the government's allegations, a full-blown *Fatico* hearing is often unnecessary. *See United States v. Phillips*, 431 F.3d 86, 93 (2d Cir. 2005).  Here, Saleh requested a *Fatico* hearing only to the extent the district court had questions "regarding the level of risk or the severity of the injury."  Dist. Ct. Doc. No. 65 at 6 n.2.  After the government responded by providing Saleh with medical evidence establishing the

5

severity of the officer's injury, Saleh failed to renew his request and never challenged the government's evidence at the sentencing proceeding. We thus discern no abuse of discretion in the district court's decision to not hold a hearing on the subject. *See United States v. Ghailani,* 733 F.3d 29, 54–55 (2d Cir. 2013) (finding no abuse of discretion where, as here, "the defendant [was] afforded some opportunity to rebut the government's allegations" (internal quotation marks and alterations omitted)).

Saleh next argues that the district court erred by applying the section 3A1.2 "Official Victim" enhancement. According to Saleh, he did not know or have reasonable cause to believe that his swinging a five-inch knife through the food tray of his cell door created a substantial risk of serious bodily injury. But even if we were to accept this theory, it offers no aid to Saleh. The Official Victim enhancement applies when "in a manner creating a substantial risk of serious bodily injury, the defendant . . . *knowing or having reasonable cause to believe that a person was a prison official*, assaulted such official while the defendant . . . was in the custody or control of a prison or other correctional facility." U.S.S.G. § 3A1.2(c)(2) (emphasis added). The knowledge-element of the enhancement thus turns on whether the defendant knew (or had reasonable cause to believe) that the victim

6

was a prison official, not on whether the defendant knew (or had reasonable cause to believe) that his conduct created a substantial risk of serious bodily injury. *See United States v. Young*, 910 F.3d 665, 673 (2d Cir. 2018) (explaining that the Official Victim enhancement requires the defendant to know or have reasonable cause to believe "that the individuals involved were law enforcement officials"). And here, there can be no dispute that Saleh knew exactly whom he was attacking. Indeed, Saleh concedes that he began swinging the knife only after handing the corrections officer – whom he had attacked once before – his food tray. Nor can there be any dispute that Saleh's attack created a substantial risk of serious bodily injury. *See* U.S.S.G. § 3A1.2 Application Note 4(B) (defining "substantial risk of serious bodily injury" as including any "actual serious bodily injury (or more serious injury) if it occurs"). On this record, it was not clear error for the district court to apply a six-level enhancement based on Saleh's attack of a person he knew to be a prison official.

Saleh also contends that his sentence was substantively unreasonable because the judge failed to adequately consider Saleh's mental health condition during the sentencing hearing. We will set aside a district court's sentence as substantively unreasonable "only in exceptional cases where its decision cannot

be located within the range of permissible decisions." *United States v. Aumais*, 656 F.3d 147, 151 (2d Cir. 2011) (internal quotation marks and alterations omitted). In other words, a substantively unreasonable sentence is one "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

Far from being "shockingly high," Saleh's 100-month consecutive sentence is well within – and, in fact, at the bottom end of – the Guidelines range of 97 to 121 months' imprisonment. "Although we do not presume that a Guidelines sentence is reasonable, we have recognized that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Eberhard*, 525 F.3d 175, 179 (2d Cir. 2008) (internal quotation marks omitted). Saleh's only argument to the contrary is that the district court, when considering these factors, did not adequately consider the state of Saleh's mental health. But the district court specifically tailored Saleh's sentence to address his mental health concerns, and there is nothing in the record to suggest that the district court overlooked or misunderstood the nature of Saleh's mental health condition. The

district court also considered the fact that Saleh had been cited for at least one hundred "disciplinary infractions, many of which involved acts of violence." Gov't App'x at 153. In the end, Saleh simply disagrees with the district court's assessment of the weight to be given to the section-3553(a) factors, but "the particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *United States v. Solis*, 18 F.4th 395, 405 (2d Cir. 2021) (internal quotation marks omitted). In light of the evidence before us, we conclude that the district court's sentence was not substantively unreasonable.

We have considered Saleh's remaining arguments and found them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court