23-6398-cr
*United States v. Hardee*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand twenty-five.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> JOHN M. WALKER,
> ALISON J. NATHAN,
> *Circuit Judges*.

———————————————————————

UNITED STATES OF AMERICA,

     *Appellee*,

    v.                                              23-6398-cr

TAZOHN HARDEE,

     *Defendant-Appellant*.

———————————————————————

For Appellee:

> KINGDAR PRUSSIEN (David Abramowicz *on the brief*) Assistant United States Attorneys, *on behalf of* Damian Williams, United States Attorney for the Southern District of New York.

For Defendant-Appellant:

> SARAH BAUMGARTEL, Assistant Federal Defender, Federal Defenders of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on April 18, 2023, is **AFFIRMED**.

Defendant-Appellant Tazohn Hardee appeals from a judgment of the United States District Court for the Southern District of New York (Briccetti, *J.*), following his guilty plea, to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Hardee principally to a term of 57 months' imprisonment, to be followed by three years of supervised release. On appeal, Hardee argues that the district court committed plain error by allowing him to plead guilty to violating § 922(g)(1), a statute he now claims violates the Second Amendment of the U.S. Constitution. Hardee also brings substantive and procedural challenges to his sentence. He argues that the district court committed procedural error by impermissibly presuming a Guidelines sentence was reasonable and, in the alternative, that his sentence was substantively unreasonable. Hardee also argues that a special condition of supervised release requiring him to participate in cognitive behavioral treatment ("Special Condition Two") is vague, unjustified by the record, and delegates excessive authority to the Probation Office. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal to which we refer only as necessary to explain our decision to **AFFIRM**.

2

## I. Constitutionality of Hardee's Conviction

Hardee argues that § 922(g)(1) is unconstitutional in light of the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). Hardee makes this argument for the first time on appeal, and so we review for plain error. *See United States v. Le*, 902 F.3d 104, 109 (2d Cir. 2018). "For an error to be plain, it must, at a minimum, be clear under current law, which means that we typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) (internal quotation marks, citation, and alterations omitted). No binding precedent of this Court or the Supreme Court has held that § 922(g)(1) is unconstitutional. Although we recognize that other cases pending before panels in this Circuit raise the question of § 922(g)(1)'s constitutionality post-*Bruen*, it is not clear under current law that Hardee's statute of conviction was unconstitutional. Accordingly, we see no reason to disturb his conviction on plain error review. *See United States v. Brillon*, No. 22-2956-cr, 2024 WL 392949, at *1 (2d Cir. Feb. 2, 2024) (summary order) (rejecting a constitutional challenge to § 922(g)(1) under plain error review); *United States v. Ogidi*, No. 23-6325-cr, 2024 WL 2764138, at *1 (2d Cir. May 30, 2024) (summary order) (same); *United States v. Ruhl*, No. 21-2892-cr, 2025 WL 262309, at *1 (2d Cir. Jan. 22, 2024) (summary order) (same).

## II.    Sentence Length

The district court imposed a prison sentence of 57 months, which was at the bottom end of the Guidelines range of 57 to 71 months.   Hardee argues that the district court procedurally erred by improperly presuming that a within-Guidelines sentence is reasonable.   We review unpreserved claims that a sentence was procedurally unreasonable under the plain error standard.   *United States v. Davis*, 82 F.4th 190, 196 (2d Cir. 2023).   This means Hardee must establish: "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings."   *Id.* (quoting *United States v. Rosa*, 957 F.3d 113, 117-18 (2d Cir. 2020)).

The sentencing transcript reveals that the district court engaged in a thoughtful analysis of the statutory factors, including Hardee's personal characteristics, offense conduct, and criminal history.   The district court also noted the existence of certain mitigating factors in Hardee's presentencing report but stated that "these factors do not warrant a downward variance from the guidelines range."   App'x 51.   This statement is not, as Hardee argues, evidence of an improper presumption that a Guidelines sentence is reasonable.   Indeed, sentencing judges are required to consider the Guidelines and, if giving a sentence outside the recommended range, "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree

4

of the variance." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). Judge Briccetti's statement here was "nothing more than a proper reminder that the Guidelines serve as a benchmark or point of reference or departure for the review of sentences." *United States v. Hendry*, 522 F.3d 239, 242 (2d Cir. 2008) (internal quotation marks omitted). A review of the complete transcript of the sentencing hearing reveals that the district court correctly treated the Guidelines as merely advisory and imposed a sentence that was "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant." App'x 51.

Hardee next argues that his sentence was substantively unreasonable because the district court gave undue weight to its views about the dangers of firearms and because Hardee's term of imprisonment is longer than average as compared to similar § 922(g)(1) offenders. We review the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. *Gall*, 552 U.S. at 51. In doing so, we "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190. "A sentence is substantively unreasonable if it 'cannot be located within the range of permissible decisions.'" *United States v. Jenkins*, 854 F.3d 181, 187 (2d Cir. 2017) (quoting *Cavera*, 550 F.3d at 189).

As noted above, Judge Briccetti's thoughtful analysis—grounded in the § 3553(a) factors—plainly supports Hardee's sentence.  Viewed in context, the district court's comments about the prevalence of gun violence do not suggest such observations received undue weight.   The statements Hardee challenges as inappropriate were made to highlight the severity of Hardee's offense conduct, which involved not only mere possession of a firearm but stashing a loaded gun in a crowded public area where "a child or perhaps someone who might want to use a gun to commit a crime, could easily have found [it]."   App'x 50.   And while Hardee's sentence may be longer than average for § 922(g)(1) offenders, it was at the bottom end of his Guidelines range and imposed based on individualized consideration of the sentencing criteria.   Hardee's sentence was therefore well within the range of permissible decisions available to the district court.

## III.   Special Condition Two

Hardee argues that the district court erred in imposing Special Condition Two which requires him to "participate in a cognitive behavioral treatment program under the guidance and supervision of the probation officer, until such time as he is released from the program by the probation officer."   App'x 61.   According to Hardee, this condition was insufficiently justified by the district court, is impermissibly vague, and is an impermissible delegation to the Probation Office.   Hardee did not object to Special Condition Two at sentencing, so we review for plain error.   *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (per curiam).

6

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). "A sentencing court may impose special conditions of supervised release that are reasonably related to certain statutory factors governing sentencing, involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing, and are consistent with pertinent Sentencing Commission policy statements." *United States v. Gill*, 523 F.3d 107, 109 (2d Cir. 2008) (per curiam) (quotation marks and alteration omitted). When determining whether to impose a special condition, "[a] district court is required to make an individualized assessment . . . and to state on the record the reason for imposing it." *Betts*, 886 F.3d at 202. We may also uphold a special condition even in the absence of such an explanation when "the district court's reasoning is self-evident in the record." *Id.* (internal quotation marks and citation omitted).

Here, Special Condition Two is supported by the sentencing record. Both Hardee's sentencing submission before the district court as well as his Presentence Report ("PSR") prepared by the Probation Office detailed a history of repeatedly making poor choices, including prior convictions for assault and robbery, and described Hardee's self-professed desire to become a productive member of his family and community and "willingness to obtain an understanding of how violent behavior is learned and . . . to stop his violating." *United States v. Hardee*, 7:22-cr-00574-VB, ECF 13-4 (S.D.N.Y. April 4, 2023). The Probation Office also recommended "cognitive behavioral therapy to assist

7

the defendant in recognizing his poor decisions and making better choices." PSR at 18.

This supports the imposition of Special Condition Two because cognitive behavioral therapy is designed in part to remedy psychological problems resulting from "faulty or unhelpful ways of thinking" and "learned patterns of unhelpful behavior." *Clinical Practice Guidelines: What Is Cognitive Behavioral Therapy?*, American Psychological Association, https://www.apa.org/ptsd-guideline/patients-and-families/cognitive-behavioral.pdf [https://perma.cc/G3UP-BY9F]. The district court could reasonably conclude that Hardee was a person of "very poor judgment" who needed to improve self-regulation. App'x 55. It is therefore "self-evident in the record" that the challenged special condition will reasonably advance the purposes of sentencing by assisting in Hardee's rehabilitation and reducing the likelihood of his recidivism.

Hardee also contends that Special Condition Two is impermissibly vague because it does not define what type of program may qualify as "cognitive behavioral treatment." "A condition is too vague if it requires a reasonable person to speculate as to its meaning. However, conditions need not be cast in letters six feet high, or describe every possible permutation, or spell out every last, self-evident detail." *United States v. Sims*, 92 F.4th 115, 125 (2d Cir. 2024) (internal quotation marks, citations, and alterations omitted). The Guidelines specifically contemplate "mental health program participation" as a special condition. U.S.S.G. § 5D1.3(d)(5). Pursuant to this provision, a court may include "a condition requiring that the defendant participate in a mental

health program approved by the United States Probation office." *Id.* That Special Condition Two specifies a particular treatment approach here—one also recommended by the Probation Office in the PSR—does not make it vague.

Finally, Hardee argues that Special Condition Two impermissibly delegates sentencing authority to the Probation Office. We have said that a "district court may delegate to the Probation Office decision-making authority over details of supervised release such as treatment schedule or duration" so long as it does not give the Probation Office the authority to "fashion a sentence's terms." *United States v. Carlineo*, 998 F.3d 533, 538 (2d Cir. 2021). Hardee contends that Special Condition Two leaves too many blanks for the Probation Office to fill because it fails to articulate specifics about the program's design, set its goals, or determine the criteria upon which Hardee may be released from treatment. We disagree.

Leaving the specific details of a mental health treatment program to the Probation Office is "an unambiguously lawful, and indeed advisable, means of delegating supervisory authority to the Probation Office." *United States v. Young*, 910 F.3d 665, 671 (2d Cir. 2018) (affirming a special condition directing a supervisee to undergo a mental health evaluation and, if indicated by the evaluation, participate in mental health treatment); *see also United States v. Peterson*, 248 F.3d 79, 85 ("If the district court intends that the therapy be mandatory but leaves a variety of details, including the selection of a therapy provider and schedule to the probation officer, such a condition of probation

9

may be imposed."). Special Condition Two unambiguously requires that Hardee participate in cognitive behavioral therapy and then properly delegates the specifics of his treatment plan to the Probation Office.[1]

*    *    *

We have considered Hardee's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] If the Probation Officer oversteps its authority as to Hardee's cognitive behavioral treatment program, Hardee may, at that time, seek recourse before the sentencing court. *See Young*, 910 F.3d at 671 n.26.